FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 SEP 19 AM 11: 26
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| PATRICK L. ROBERTSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 113-023 |
| ) | |
| DENNIS BROWN, Warden, ) | |
| ) | |
| Respondent.[1] ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Hancock State Prison in Sparta, Georgia, filed the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss (doc. no. 7), which Petitioner opposes (doc. no. 10). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED** and that this case be **DISMISSED** and **CLOSED**.

### I.  BACKGROUND

On April 1, 2008, Petitioner pled guilty in the Superior Court of Burke County to one count of second degree criminal damage to property and one count of simple battery. (Doc. no. 1.) Petitioner was sentenced to three years imprisonment, to be served concurrently with a sentence he was already serving pursuant to 2007 convictions. (Doc.

---

[1] The proper respondent in this case is Dennis Brown, who is the warden at Petitioner's current place of incarceration, Hancock State Prison. See Rule 2(a) of the Rules Governing Section 2254 Cases. Therefore, pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Dennis Brown as Respondent in this case.

no. 11, Ex. 3.) Petitioner is currently incarcerated for the 2007 convictions.

Petitioner filed a state habeas petition in Tattnall County on May 20, 2009, challenging his 2008 convictions. (Id., Ex. 1.) A hearing was held on September 23, 2009, and the petition was denied on February 29, 2012. (Id., Ex. 3.) Petitioner's application for a certificate of probable cause to appeal the denial of his petition was denied by the Georgia Supreme Court on October 29, 2012. (Id., Ex. 4.)

On February 7, 2013, Petitioner filed the instant § 2254 petition, alleging ineffective assistance of counsel as grounds for relief. (Doc. no. 1.) In response, along with his answer (doc. no. 6), Respondent filed the instant motion asking the Court to dismiss the petition as untimely and for lack of jurisdiction. (Doc. no. 7.) Respondent asserts that Petitioner's sentence for the challenged convictions has expired, and under 28 U.S.C. § 2254(a), "[a] prerequisite to [the] Court having jurisdiction over the case is that Petitioner is still in custody for the convictions which he is challenging." (Doc. no. 7 (citing Maleng v. Cook, 490 U.S. 488, 490 (1989)).)

Petitioner does not dispute Respondent's claim that his sentence for the challenged convictions has expired, but he asserts that § 2254(a) does not require him to be in custody under the conviction he is attacking. (Doc. no. 10, pp. 4-5.) As noted above, Petitioner is still incarcerated for the 2007 convictions, which he challenges in a separate pending § 2254 petition. Thus, Petitioner argues, he is still in custody for the purpose of this petition as well. (Id.)

II. DISCUSSION

The Court has jurisdiction to entertain a § 2254 petition only if the petitioner is

"in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The requirement that the petitioner be in custody means "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91.[2] Thus, if the sentence for the challenged conviction has fully expired the petitioner does not meet the "in custody" requirement of § 2254(a).[3] Id. at 492.

By his own admission, Petitioner's sentence for the challenged conviction has expired. (Doc. no. 10, p. 5.) Consequently, Petitioner is no longer "in custody under the conviction or sentence under attack." See Maleng, 490 U.S. at 490-91. Furthermore, because the challenged conviction has expired, "it is conclusively valid and generally no longer open to attack." See Birotte v. Sec'y for Dep't of Corr., 236 F. App'x 577, 578 (11th Cir. 2007) (*per curiam*) (quoting Maleng, 490 U.S. at 491-92). Therefore, the Court lacks jurisdiction to entertain the instant § 2254 petition.[4]

---

[2] The Eleventh Circuit has held that Maleng also permits "currently incarcerated petitioners to challenge a sentence enhanced by an expired sentence." Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000). In such cases "the petitioner is deemed to be challenging the current sentence that has been enhanced by an expired conviction." Van Zant v. Florida Parole Comm'n, 104 F.3d 325, 327 (11th Cir. 1997). Here, Petitioner's current sentence predates the challenged conviction, so the exception does not apply.

[3] The "in custody" requirement may be met when the petitioner is on probation, parole, or bail from the challenged sentence. See Duvallon v. Florida, 691 F.2d 483, 484-85 (11th Cir. 1982) (*per curiam*). However, none of these circumstances exist as to Petitioner, as he remains incarcerated for the 2007 convictions.

[4] Because the Court agrees with Respondent that it does not have jurisdiction to entertain this petition, it need not address the timeliness of the petition.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, (doc. no. 7), and that this case be **DISMISSED** and **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of September, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE